**Joseph P. ROSSITTO, Appellant,**

**v.**

**STATE of Delaware, Appellee.**

Supreme Court of Delaware.

Oct. 5, 1967.

Victor F. Battaglia, Wilmington, for appellant.

Francis A. Reardon, Deputy Atty. Gen., Wilmington, for the State.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice:

This is an appeal from a conviction under 11 Del.C., § 669, of bookmaking upon horse races. Three questions are raised: (1) that the search warrant under which the person and premises of the appellant were searched and evidence seized, was illegal in that it failed to show probable cause; (2) that no competent evidence was offered by the State to prove that the appellant was concerned in bookmaking; and (3) that the trial court permitted prejudicial and in-

competent testimony to be given in the presence of the jury. We take the three questions up in the order stated.

### Validity of the Search Warrant

The appellant was the occupant of 302 West 8th Street in Wilmington. On February 10, 1965, pursuant to a search warrant issued out of the Municipal Court, members of the Vice Squad of the Wilmington Police searched the premises and the person of the appellant, and took from his possession certain U.S. currency on which were noted what appeared to be code markings. Other items of evidence were also seized. A motion to suppress this evidence on the ground that it was illegally seized was denied. Appellant now renews his attack upon the search warrant.

Article I, Section 6 of the Delaware Constitution prohibits unreasonable searches and seizures and prohibits the issuance of search warrants "unless there be probable cause supported by oath or affirmation." In furtherance of this constitutional prohibition, 11 Del.C., § 2306 prescribes the statutory requirements for an application for a search warrant. Thus, the application must be in writing and verified; it shall designate the place to be searched and the owner or occupant; it shall describe the things or persons sought; it shall allege the cause for which the search is desired or the offense committed; it shall state that the affiant suspects that the persons or things are on the premises, and it "shall recite the facts upon which such suspicion is founded."

The appellant's attack on the search warrant before us is that probable cause was not shown in the application for the warrant for the reason that no facts were alleged upon which a reasonable suspicion that bookmaking was taking place on the premises could be based.

The affidavit, executed by three members of the Vice Squad, supporting the application for the search warrant contained the following allegations which we summarize for the sake of brevity:

Rossitto, the appellant, was the former occupant of 221 West 7th Street which was closed by injunction of the Court of Chancery under suspicion of being a bookmaking establishment. Rossitto vacated 221 West 7th Street and occupied 302 West 8th Street for several weeks. Conditions similar to those formerly existing at 221 West 7th Street were observed to exist at 302 West 8th Street. As a result, the affiants commenced an investigation of the activities of the appellant at 302 West 8th Street.

By reason of three separate visits to 302 West 8th Street, which is purportedly a Smoke Shop, the affiants observed a very slight amount of merchandise in a show case, but numerous racing forms around the premises. On the occasion of each visit, there were several males sitting at a table reading racing forms which were put down when the affiants entered. On the occasion of each visit, one or more of the males left when the affiants arrived, and one or more males entered the premises but, on seeing the affiants, turned and left hurriedly. The affiants also observed that the appellant's Smoke Shop was open daily from about 11:30 a. m. to 5:30 p. m. which are the ordinary hours bookmaker's establishments are open. The affiants also alleged that at least once the appellant had been placed under arrest for running a bookmaking establishment.

On the basis of the affidavit, a search warrant was issued which was executed by the Wilmington Police. The appellant alleges the invalidity of the issuance of the warrant by asserting that there was no showing of probable cause. He attacks the allegations of the supporting affidavit *seriatim,* arguing that each individual item is insufficient in itself to show probable cause. His argument on a *seriatim* basis might well be true, but in Mezzatesta v. State, 3 Storey 145, 166 A.2d 433, we held that the allegations of an affidavit filed

in support of an application for a search warrant may not be isolated each from the other. The affidavit must be considered as a whole. So considering it, we think it not dissimilar from the one we approved in the *Mezzatesta* case.

Accordingly, the search warrant at bar was issued upon probable cause and the motion to suppress the evidence seized was properly denied.

### The Sufficiency of the State's Evidence

Primarily, the State's case against the appellant consisted of currency seized from the appellant. The currency in question consisted of a number of dollar bills on which various notations had been made. These notations had been made in a form of code. A sergeant of the Vice Squad testified that in ten years' experience as a member of the Vice Squad he had learned the meaning of the code. He testified that the cryptic notations represented the recording of 14 horse bets in the amount of the bills on which they were recorded.

 We think the evidence was properly received and that the sergeant had properly qualified himself as an expert in the field; particularly in view of the fact that it has been judicially recognized that the ingenuity of bookmakers produces a sparsity of recorded indicia of their unlawful trade. Cf. State v. Fiorello, 36 N.J. 80, 174 A.2d 900.

Under the circumstances of this case, we have no doubt but that the appellant was a bookmaker.

### The Alleged Prejudicial Evidence

The police sergeant testified that with respect to three of the cryptic notations on the currency introduced into evidence, he did not have the knowledge to decode them. He accordingly consulted a known bookmaker who had theretofore given information to the police. This individual informed him that these recordings indicated the placing of "reverse bets", illegal at all race tracks.

Appellant objected to this testimony, and the trial judge ordered it struck and instructed the jury to disregard it. Irrespective of the correctness of this ruling, it is apparent that the error, if error there was, falls within the embrace of Superior Court Rule 52(a), Del.C.Ann., to the effect that harmless error in a trial shall be disregarded.

The judgment below is affirmed.