Robert SWIFT et al., Defendants below,
Appellants,

v.

STATE of Delaware, Plaintiff below,
Appellee.

Supreme Court of Delaware.

Argued April 14, 1975.

Decided April 29, 1975.

Alfred J. Lindh, Wilmington, for defendants below, appellants.

Francis A. Reardon, Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

Before HERRMANN, C. J., and DUFFY and McNEILLY, JJ.

DUFFY, Justice:

In this appeal from convictions of conspiracy in the third degree and advancing gambling in the second degree defendants argue three grounds which we consider *seriatim.*

I

First, defendants say that the Trial Court erroneously refused to suppress evidence obtained by the execution of a search warrant issued without probable cause. We have examined the affidavit on which the warrant was based and, considered as a whole, Rossitto v. State, Del. Supr., 234 A.2d 438 (1967), it establishes

probable cause within the meaning of the Delaware decisions. We note particularly the past reliability of the informant (who had supplied information which "led to the arrest and convictions of persons" involved in gambling) and the corroborative evidence derived from police surveillance. Certainly the detailed description of activity, most or all of which confirms the information provided by the informant, was sufficiently clear and complete to permit the Judicial Officer who issued the warrant to infer reliable knowledge of criminal activity by the informant. In brief, a basis for a finding of probable cause existed. Marvel v. State, Del.Supr., 290 A.2d 641 (1972).

## II

Next, defendants argue that the Trial Court erred in limiting them to a total of six peremptory challenges. Under Superior Court Criminal Rule 24(b), a defendant has a right to six peremptory challenges and when there are multiple defendants the Court "may allow the defendants additional" challenges. The short of it is that in this appeal defendants have not shown any facts nor any differences among themselves as a *raison d'etre* for more than the number of peremptory challenges given them by Rule. Thus, no abuse of discretion by the Court has been shown.

## III

Finally, defendants contend that the Court erred in permitting the introduction into evidence of certain gambling records and paraphernalia found by the police in the hallway of the apartment building in which they were arrested. We have examined the brief and the appendix submitted by defendants and nothing therein identifies or describes reversible error. Indeed, little, if anything, is shown as to what was found or where.

Affirmed.