**James CRAWLEY, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

**Robert L. DORSEY, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Oct. 16, 1967.

Peter Warren Green, of Booker, Leshem, Green & Shaffer, Wilmington, for James Crawley, defendant below, appellant.

Charles K. Keil, Asst. Public Defender, Wilmington, for Robert L. Dorsey, defendant below, appellant.

Jay H. Connor, Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice:

These are appeals from convictions of larceny. The determinative question before us is whether the trial court erred in permitting application to these appellants of the rule that guilt of the theft may be inferred from the unexplained possession of recently stolen goods.

The appellants, James Crawley and Robert L. Dorsey, together with Jerry Samuels who did not appeal, were tried jointly on charges of grand larceny and conspiracy to commit grand larceny. The evidence adduced by the State established the following:

On April 19, 1966, at about 8:00 A.M., a truck of a piano company was stolen from the street in front of its store in Wilmington. The truck contained two organs, furniture-moving pads, and organ instruction manuals. The driver-employee of the piano company had taken the truck home the night before, thus loaded, and had returned to the store early in the morning to punch his time card. The truck was stolen during the few minutes he was in the store. At about 8:45 A.M., three colored men in a U-Haul truck were observed at a merchandise mart several miles outside Wilmington; the men were not identified. The piano truck was found abandoned at the mart, shortly thereafter, with the two organs and some of the pads missing. At about 11:30 A.M., the police apprehended a U-Haul truck near Wilmington; it was being driven by Samuels, with Dorsey along side him, and Crawley sitting in the rear. A search of the truck, made upon consent requested of Samuels only, disclosed some furniture-moving pads, two organ instruction manuals, and one sheet of music. The U-Haul truck had been rented by Samuels early on the morning of the theft. The rental agent identified Samuels as the renter, but could not say whether any one else accompanied him, except that an unidentified colored man drove Samuels to the rental agency.

This was the sum and substance of the State's case against these two appellants. Obviously, the State relied solely upon the theory of possession of recently stolen property to sustain the convictions of the appellants.

The defendant Dorsey testified that some time after 11:00 A.M. he had met Samuels for the first time that day; that Samuels

had hired him to help move furniture in the U-Haul truck. The defendant Crawley testified that he was picked up as a hitchhiker by Samuels and Dorsey just a few minutes before the police stopped the truck.

At the trial, the defendants unsuccessfully objected to the admission in evidence of the items found in the U-Haul truck. Objection was also unsuccessfully made to a jury instruction permitting a presumption of guilt against these appellants based upon possession of the stolen goods. The State entered a nolle prosequi during the trial as to the conspiracy charges.

■ We are of the opinion that, as to the appellants, the State failed to prove possession of the character required to warrant a presumption of guilt of the theft. Neither of the appellants was the owner, operator, or custodian of the truck in which the stolen articles were found. There was no evidence that either of the appellants had any dominion or control over the vehicle or the stolen goods found therein.

■ Within the rule under discussion, the possession to be proved must be actual, and must be shown to include the elements of dominion, control, and authority over the stolen property. Allison v. United States (10 Cir.) 348 F.2d 152 (1965); People v. Evans, 24 Ill.2d 11, 179 N.E.2d 657 (1962); State v. Watson, Mo., 350 S.W.2d 763 (1961). There was no evidence of such possession as to these appellants. Compare Ross v. State, Del., 232 A.2d 97 (1967).

The mere presence of the appellants as passengers in the truck almost four hours after the theft, without more, is insufficient to establish the possession required to justify an inference of guilt. The circumstances created a strong suspicion that the appellants participated in the larceny; but, mere suspicion, however strong, is not sufficient for criminal conviction.

We hold, therefore, that the Trial Court erred in admitting in evidence against these appellants the articles found in the truck, and in charging the jury that the appellants were subject to the presumption of guilt here involved.

The parties seek to test this case against the complicity rule of Flamer v. State, Del., 227 A.2d 123 (1967). That case is inapposite because the fact of possession was not in issue there; the defendant in that case was the driver and custodian of the automobile, by reason whereof he was deemed to have control and dominion over —and therefore possession of—the stolen goods found in the vehicle.

We do not reach the other grounds of the appeal.

There being no evidence to sustain them, the convictions must be reversed.