**Willie Lee JACKSON, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

May 29, 1969.

See also Del.Super., 239 A.2d 215.

Henry A. Wise, Jr., Wilmington, for defendant below, appellant.

Francis A. Reardon, State Prosecutor, for plaintiff below, appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

CAREY, Justice:

The appellant, Willie Lee Jackson, was tried before a jury in the Superior Court upon a charge of possession of marijuana, T. 16 Del.C. § 4702(a).[1] He was convicted and sentenced, and has appealed therefrom. He challenges the constitutionality of the Act; he also contends that the evidence was insufficient to support the conviction. Because of our conclusion on the latter contention, we do not reach the question of constitutionality.

The evidence showed that the appellant lived in a house owned by his father-in-law. Jackson sub-rented rooms to two other men, who lived in those rooms. Police officers, armed with a search warrant, came to the property and discovered a bag of marijuana in a trash can in the garage. This garage is under the house, next to the

1. Another charge of selling marijuana was abandoned by the State.

basement. It was kept unlocked and was accessible to the two subtenants as well as the defendant. Jackson testified that he had no knowledge of the marijuana until the police found it.

■ To justify a conviction, the State was obligated to prove the elements of dominion, control and authority over the marijuana. Crawley v. State, Del., 235 A. 2d 282. This obligation may be satisfied by circumstantial evidence but, to justify a finding of guilt, the circumstantial evidence must be inconsistent with any other rational conclusion. Herhal v. State, Del., 243 A.2d 703. In our opinion, the evidence in this case does not meet that test.

As previously pointed out, at least two other men besides Jackson had access to this unlocked garage; indeed, there was nothing to prevent strangers from entering it. Clearly, in the absence of additional testimony, there was no reason to infer that Jackson was the possessor, rather than either of the other two residents. In an effort to satisfy this requirement, the State points to the fact that the officers had a search warrant. That warrant was never introduced into evidence;[2] we do not understand how it can possibly be relied upon as bolstering the charge of Jackson's possession. The State also refers to a telephone conversation which took place between a police officer and Jackson before the police came to the premises. All the record contains concerning that telephone call is the statement that the officer arranged to meet Jackson at the premises. We see nothing in this item of proof to create an inference of guilt on Jackson's part.

The totality of the circumstances is, in our opinion, insufficient to meet the demands of the circumstantial evidence rule, and the defendant's motion for directed verdict should have been granted.

The judgment below will be reversed.

2. We do not pass upon its admissibility, had it been offered.