Hugh MARVEL, Jr., Defendant Below, Appellant,

v.

STATE of Delaware, Plaintiff Below, Appellee.

Supreme Court of Delaware.

March 30, 1972.

Jay H. Conner, Wilmington, for appellant.

Richard H. Schliem, III, Deputy Atty. Gen., for the State.

WOLCOTT, Chief Justice, and CAREY and HERRMANN, Justices, sitting.

WOLCOTT, Chief Justice:

This is an appeal from convictions of possession of a dangerous drug, possession of a hypodermic needle, possession of a hypodermic syringe, and of maintaining a place for illegal keeping or sale of drugs. Verdicts of acquittal were entered for three co-defendants. After conviction, the appellant was sentenced to two years' probation. He thereafter appealed.

On July 24, 1969, members of the Delaware State Police, armed with a search warrant issued by a Justice of the Peace, entered the appellant's apartment. They had previously obtained a key to the apartment from the management. One of the

officers went to the door of the apartment and announced who was at the door, turned the key and entered, followed by the other officers.

Upon entry, the officers found two of the co-defendants seated on the bed and the third co-defendant in the hallway between a bedroom and a bathroom. The appellant was not in the apartment but upon his return some two hours later was placed under arrest.

A search of the apartment resulted in the seizure of a quantity of L.S.D. pills, a quantity of marijuana, and a hypodermic syringe and needle. Some of the pills were found on the refrigerator, some were found in the refrigerator along with the syringe and needle, and the marijuana was found in a kitchen cabinet.

First, appellant argues that the search warrant possessed by the officers was defective in that the affidavit supporting it does not show probable cause, and that, accordingly, the evidence seized should have been suppressed.

The affidavit contained the following five paragraphs:

"(a)  On July 10, 1969 information was received from a confidential informant who knows of his own personal knowledge that Hugh Marvel, Jr. (WM–24) of F–2, Cranston Hall Apartments, 3314 Old Capital Trail, Marshallton, Delaware is selling narcotics and dangerous drugs.

"(b)  Your affiants received information from a confidential source, that on Monday, July 7, 1969 from about 7:30 p. m. until the early hours of the next A.M., three females and five males sat around Hugh Marvel, Jr.'s apartment F–2, smoking marijuana cigarettes. This informant knew of their own personal knowledge that the smoking had taken place.

"(c)  Your affiants received information from the same informant above, that on July 9, 1969 in Hugh Marvel, Jr.'s apartment, three male subjects and two female subjects injected Methedrine, smoked marijuana, and ingested diet pills.

"(d)  Your affiants received information from a confidential informant who knows of their own personal knowledge that on July 10, 1969 a thin, white, male Subject with long blonde hair and blonde moustache, known as 'Chucky' picked up ten (10) tablets of L.S.D. at Hugh Marvel, Jr.'s apartment in Cranston Hall. This occurred before Noon, and Subject 'Chucky' was suppose to be taking the L.S.D. to Rehoboth Beach, Delaware.

"(e)  On July 16, 1969 your affiants received confidential information from another confidential informant, who knows of his own personal knowledge and has been reliable in the past, that Hugh Marvel, Jr., also known as Luke Marvel is selling marijuana and L.S.D. from his apartment F–2 in Cranston Hall, Marshallton, Delaware."

■ The question is controlled by Spinelli v. United States, 393 U.S. 410, 89 S. Ct. 584, 21 L.Ed.2d 637 (1969). This case holds that an affidavit which relies on information supplied by an informer is sufficient to establish probable cause if it describes the criminal activity sufficiently to inform the issuing magistrate that he is relying on something more substantial than a casual rumor circulating in the underworld, or an individual's general reputation. If the information supplied by an informant, theretofore reliable, is sufficiently detailed to permit a magistrate to infer that the informant had particular, reliable knowledge of the criminal activity, then a basis for a finding of probable cause exists.

Appellant would have us consider the affidavit by its separate paragraphs, arguing that each standing alone is insufficient to support a finding of probable cause. This, however, may not be done. The affidavit must be considered as a whole, and not separated into its component parts. Rossitto v. State, Del.Supr., 234 A.2d 438 (1967). In determining the fact of probable cause the magistrate is obliged to consider the whole and to make his judgment based upon a commonsense reading of it. Spinelli v. United States, supra.

Viewing the affidavit as a whole, therefore, we think the Justice of the Peace was justified in believing that probable cause existed for concluding that unlawful activity in connection with drugs was taking place in the appellant's apartment. The allegation of dates, activities, and particular individuals, permits of no other conclusion.

Second, the appellant argues that the method used to gain entrance to his apartment was improper. The question is to be decided in accordance with Federal constitutional standards. These require, generally speaking, that the police, prior to entry, announce their presence, authority and purpose in seeking entry. Ker v. California, 374 U.S. 23, 83 S.Ct. 1623, 10 L. Ed.2d 726 (1963); Dyton v. State, 250 A. 2d 383 (Del.Supr.1969). There is no particular time required following the announcement by the police of their presence and their actual entry. It depends on the circumstances and the apparent ability that delay would give the occupants to dispose of relevant evidence. United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L. Ed. 653 (1950); State v. Mariano, 152 Conn. 85, 203 A.2d 305, cert. den. 380 U.S. 943, 85 S.Ct. 1025, 13 L.Ed.2d 962.

We think under the circumstances the manner of entry of the police to appellant's apartment was not unreasonable, and was therefore not unlawful.

Finally, appellant argues that judgment of acquittal should have been entered in his favor because he was not present in his apartment at the time the drugs were seized and that, at that time, three other persons were present. The argument is that the rule of circumstantial evidence requires that the evidence must preclude every other reasonable hypothesis but that of guilt. Herhal v. State, 243 A.2d 703 (Del. Supr.1968). It is argued that since the appellant was not present, the evidence could as well have belonged to the three persons present.

16 Del.C. § 4701 defines possession, of which appellant was convicted, as including "location in or about the defendant's person, premises, belongings, vehicle, or otherwise within his reasonable control." The seized evidence was certainly located in the appellant's premises and this fact raised a rebuttable presumption that it was in his control and possession.

The appellant denied knowledge of the drugs in his apartment, but the jury quite obviously disbelieved him. Under the circumstances, therefore, he failed to overcome the presumption of possession.

Crawley v. State, 235 A.2d 282 (Del. Supr.1967) and Jackson v. State, 254 A.2d 852 (Del.Supr.1969), relied upon by appellant, are clearly distinguishable and therefore inapposite.

The judgment below is affirmed.