Arson I. GIBBS, Defendant Below,
Appellant,

v.

STATE of Delaware, Plaintiff Below,
Appellee.

Supreme Court of Delaware.

Dec. 5, 1972.

William J. Taylor, III, Asst. Public Defender, Wilmington, for defendant below, appellant.

Joseph A. Hurley, Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

Before WOLCOTT, Chief Justice and CAREY and HERRMANN, Associate Justices.

HERRMANN, Justice:

This appeal from a conviction of grand larceny involves the rule permitting an inference * of guilt from possession of recently stolen goods.

---

\* For comment upon the comparative nature of "inference" vs. "presumption" in this connection, see Flamer v. State, Del.Supr., 227 A.2d 123 (1967), fn. 1 at p. 126.

For discussion of the constitutional problems relative thereto, see Commonwealth v. Shaffer, 447 Pa. 91, 288 A.2d 727 (1972).

The defendant was arrested at about 1:00 a. m. for driving an unsafe automobile with expired tags and without a proper operator's license. The police officer saw three new tires on the back seat of the car with dealer sticker affixed. Upon the officer's request, the defendant produced the key to the trunk where the officer found six more new tires with dealer stickers attached. The nine tires were of the same makes and sizes as had been reported stolen from a service station, about 40 miles away, less than two hours earlier.

Three other persons were in the car with the defendant at the time of the arrest. The defendant and two of the passengers were charged with grand larceny and conspiracy. At the close of the State's case, which was based entirely upon the inference or presumption arising from possession of recently stolen goods, the Trial Court granted motions of acquittal as to the passengers, upon the basis of Flamer v. State, Del.Supr., 227 A.2d 123 (1967). The Court denied the defendant's motion of acquittal, also made in reliance upon *Flamer*. The defendant was convicted by the jury; he appeals.

### I.

■ The defendant contends that the stolen tires were not sufficiently identified to warrant submission of the case to the jury. There is no merit to this contention. The tire sizes and makes were sufficiently identical to permit submission of the issue of identity to the jury. See Henry v. State, Del.Supr., 298 A.2d 327 (1972).

■ Nor is there any merit to the contention that fatal error was committed in permitting identification of the tires from photographs. Any weakness in such identification goes to the weight, rather than to the admissibility, of the evidence.

### II.

■ The defendant contends that possession alone, arising from his admitted control and dominion of the automobile, is not sufficient to permit an inference of guilt as to the theft of the tires found therein, absent other evidence of complicity in the offense charged. For this position, the defendant relies upon *Flamer*.

Our decision in *Flamer* was not intended to stand for that proposition. Under the specific facts in *Flamer*, we held that, in view of the admission by the passengers in the automobile of their joint possession and guilt, other evidence of complicity was necessary before a presumption of guilt as to the theft would attach to the driver by reason of his custody and control of the car. The rule of *Flamer* is to be limited to its facts; it is not to be expanded to the general rule, here sought, relieving the custodian of an automobile from the inference of guilt arising from the possession of recently stolen goods, long recognized in this jurisdiction. E. g., State v. White, 4 W.W. Harr. 316, 152 A. 393 (1929).

■ The requisites for the inference here under consideration are the same whether recently stolen goods are found in an automobile or in a residence. The basic question in both situations is whether, under the totality of the circumstances, the evidence is sufficient to warrant the conclusion that the defendant had actual possession, i. e., conscious dominion and control over the recently stolen property. See Crawley v. State, Del.Supr., 235 A.2d 282 (1967); Jackson v. State, Del.Supr., 254 A.2d 852 (1969); Marvel v. State, Del. Supr., 290 A.2d 641 (1972). We indicated in *Crawley* that the custodian of an automobile is deemed, by reason of his status, to have control and dominion of stolen goods found therein. We emphasize that such dominion and control must be conscious. The rule must not permit placing the driver of an automobile in jeopardy of the inference of guilt by reason of property brought by a passenger into his car, secretly and without his knowledge.

In the instant case, the totality of the circumstances compels the conclusion that the

defendant-operator of the automobile had conscious dominion and control over the recently stolen tires found on the back seat of the car and in the trunk to which the defendant had the key. The invocation of the inference of guilt against the defendant was clearly proper in this case, in view of the proximity of the time and place of the theft, and the nature, bulk, and condition of the stolen property. See Commonwealth v. Shaffer, 447 Pa. 91, 288 A.2d at 737.

It is held, therefore, that the Trial Court did not err in denying the defendant's motion for acquittal based upon the lack of additional evidence of complicity to supplement the evidence of possession. Insofar as *Flamer* is inconsistent herewith, it is no longer controlling.

Affirmed.