Richard E. HOLDEN et al., Defendants
Below, Appellants,

v.

STATE of Delaware, Plaintiff Below,
Appellee.

Supreme Court of Delaware.

Feb. 26, 1973.

Reargument Denied March 29, 1973.

Alfred J. Lindh, Wilmington, for Richard E. Holden and Junious R. Brown, Jr., defendants below, appellants.

Angelo Falasca, Asst. Public Defender, Wilmington, for Paul Griffin, defendant below, appellant.

Mason E. Turner, Jr., Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

Before WOLCOTT, C. J., and CAREY and HERRMANN, JJ.

HERRMANN, Justice:

In these drug cases, the defendants Holden and Brown were convicted of possessing a narcotic drug with intent to sell, in violation of 16 Del.C. § 4725; the defendant Griffin and Margaret Staples were convicted of possessing a narcotic drug, in violation of 16 Del.C. § 4723. All except Staples appeal.

The sole issue presented is the sufficiency of the evidence to support the convictions.

## I.

An automobile owned and operated by Holden was stopped by police, on an informer's tip, as it entered Delaware en route from New Jersey. Passengers Griffin and Staples were in the back seat and passenger Brown was in front with Holden. The police found on the back seat a paper bag in which there was a container of Chinese food. Buried in the food was a plastic bag containing "uncut" heroin weighing 25½ grams, or approximately 0.9 oz. A search of Holden disclosed $1,153. on his person. Small scales, such as are used in weighing drugs, were found in the driver's seat occupied by Holden. Motions to suppress were denied.

The defendants testified that they had been in New York City for the day for amusement; that none of them knew anything about the heroin; that none was a user.

The State's expert witness testified that the usual glassine "postage stamp"-size bag of heroin contained a dose of between 3 and 5 grains; that the 25½ grams, discovered in this case, would be equal to 393 grains and would be considered a "bulk" package; that this amount would, therefore, make between 78 (393/5) and 131 (393/3) of the usual dose-bags; that by "cutting" the heroin, the quantity could be multiplied; that 8 dose-bags per day would be a fair average estimate of usage for an addict; that, therefore, the quantity here involved would supply an addict for between 9½ and 16 days, depending on the number of grains per day. The expert also testified that New York City is known as a center for drug-trafficking.

The foregoing was the sum and substance of all of the evidence in this case.

## II.

We are of the opinion that the evidence is insufficient to support the convictions of Brown and Griffin.

■ The "possession" of a drug by a passenger in an automobile, prohibited by the Drug Laws here involved, is more than proximity to, or awareness of, the drug in the car. To warrant a conviction thereunder, the State has the burden of proving a "possession" that amounts to a conscious "dominion, control, and authority" over the drug. This Court has repeatedly held such "dominion, control, and authority" as being essential elements of the "possession" of contraband necessary to be proved by the State. Crawley v. State, Del.Supr., 235 A.2d 282 (1967); Jackson v. State, Del.Supr., 254 A.2d 852 (1969); Marvel v. State, Del.Supr., 290 A.2d 641 (1972); Gibbs v. State, Del.Supr., 300 A.2d 4 (1972).

■ The State's evidence fails to meet that burden of proof in the cases against Brown and Griffin. The evidence shows only that Brown and Griffin were passengers in the automobile sitting close to the concealed drugs. Such evidence, without more, is insufficient to establish the "possession" prohibited by the Law. While it may be inferred from the evidence that Brown and Griffin were aware of the presence of the drug in the car, there is nothing to show that they had any "dominion, control, and authority" over the drug or the automobile in which it was found. The circumstances may have created a

strong suspicion that Brown and Griffin were more than passengers; but mere suspicion, however strong, is insufficient for criminal conviction. See Crawley v. State, Del.Supr., 235 A.2d 282, 284 (1967).

Accordingly, the convictions of Brown and Griffin must be reversed.

### III.

However, we find the evidence sufficient to support the conviction of Holden upon the charge of possession with intent to sell.

■ Holden was the owner and operator of the automobile in which the drugs were found. The law places a heavier burden upon the custodian of the automobile than upon a mere passenger in this respect. This Court has held that the custodian of an automobile is presumed, by reason of his status as custodian, to have dominion and control of contraband found in the automobile; and that if, under the totality of the circumstances, such dominion and control may be found to be a conscious dominion and control, the evidence is sufficient to warrant the conclusion of "possession" as to the custodian. Gibbs v. State, Del.Supr., 300 A.2d 4 (1972).

Consistent therewith is the statutory definition of "possession" in the Delaware Narcotic and Dangerous Drug Law: (16 Del.C. § 4701)

> " 'Possession', in addition to its ordinary meaning, includes location in or about the defendant's * * * vehicle * * *."

■ The Court is of the opinion, therefore, that the evidence adduced by the State was sufficient to support the conviction of Holden. The totality of the circumstances—his car, his "trip" to New York, the unexplained large sum of money on his person, the unexplained drug scales in his seat—were sufficient to justify the finding of conscious dominion and control and resultant "possession". All of this, plus the evidence of the large quantity of

drugs found in the possession of a non-user, was sufficient evidence to justify the jury's verdict of guilt of possession with intent to sell. Redden v. State, Del.Supr., 281 A.2d 490 (1971); Farren v. State, Del.Supr., 285 A.2d 411 (1971).

Holden's reliance upon Flamer v. State, Del.Supr., 227 A.2d 123 (1967) is of no avail. As indicated in *Gibbs,* we limit *Flamer* strictly to its facts.

\*   \*   \*   \*   \*   \*

The conviction of Holden is affirmed.

The convictions of Brown and Griffin are reversed and the cases remanded for further proceedings consistent herewith.

### UPON PETITIONS FOR REARGUMENT

Both the State and the defendant Holden refer, upon petition for reargument, to the new circumstantial evidence rule approved by this Court in Henry v. State, Del.Supr., 298 A.2d 327 (1972). The State contends that we ignored the *Henry* rule in testing the sufficiency of the evidence against Brown and Griffin. The defendant Holden contends that we have failed to establish the standard to be applied in testing the sufficiency of circumstantial evidence, under the *Henry* rule, for submission of a case to the jury or for upholding a conviction.

Assuming, *arguendo,* the applicability of the *Henry* rule, which post-dated the trial of the instant case, we take the occasion to formulate the test for the sufficiency of circumstantial evidence under *Henry.*

■ For purposes of sufficiency, circumstantial evidence is to be viewed in the same light as direct evidence. The test to be applied is whether the evidence, viewed in its entirety and including all reasonable inferences, is sufficient to enable a jury to find that the State's charge has been established beyond a reasonable doubt. State v. Mayberry, 52 N.J. 413, 245 A.2d 481, 493 (1968). See, generally, 30 Am.Jur.2d "Evidence", § 1125.

Applying either that test, or the earlier "no-other-reasonable-hypothesis" test, we are satisfied that the circumstantial evidence in this case was insufficient to support the conviction of Brown and Griffin and sufficient to support the conviction of Holden.

All other grounds of the petitions for reargument have been duly considered.

Reargument denied.