**Gerald T. W. HARE, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

June 29, 1973.

James F. Kipp of Becker & Kipp, Wilmington, for defendant below, appellant.

Daniel F. Wolcott, Jr., Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

CAREY and HERRMANN, JJ., and MARVEL, Vice-Chancellor, sitting.

CAREY, Justice:

In the Court of Common Pleas for New Castle County, the appellant, Gerald T. W. Hare, was found guilty of lottery policy writing in violation of 11 Del. C. § 662 and receiving horse racing bets in violation of 11 Del. C. § 669. A prior motion to suppress the evidence which had been obtained pursuant to a search warrant was denied.

On appeal to the Superior Court, the appellant sought a reversal based in part upon the denial of his motion to suppress. This application was denied and the convictions were affirmed. In the present appeal, the only issue raised by appellant is the denial of his motion to suppress the evidence. This application is based primarily upon the contention that there was not probable cause to justify the issuance of the search warrant.

The warrant was issued upon the affidavits of two police officers. They recite that the affiants had received information on April 9, 1971, from a confidential informant, whose information had proven reliable in the past, and whose previous information had led to the arrest and convictions of persons involved in the gambling racket. He told them that the appellant "*is* receiving and recording horse bets" over the telephone at a specified apartment in Newark, and that this information was based on the informant's personal knowledge as a result of his having placed bets with the appellant. Thereafter, the two officers began a surveillance of the appellant and the apartment. The surveillance continued daily for about a week, except the intervening Saturday and Sunday. The officers observed that the appellant

customarily arrived at the apartment rather late in the morning and remained there until shortly after 5:00 p.m. The affidavit states that these are the customary work times for people who are receiving bets because the first race commences at 1:15 p.m. and the last at 5:00 p.m. The officers also discovered that the car which the appellant used in coming to and leaving the apartment was titled in someone else's name, an action which the affiants state is customary for people engaged in this occupation. They learned that the telephone in the apartment was listed in his name, although they knew that he did not live there. On each day of their surveillance, they saw the appellant stop at a news stand and pick up a copy of a daily publication which contains the latest horse "scratches" at the track—a practice which is customary with persons in this business.

The warrant was issued on April 22, 1971. It was served immediately and the officers found in the apartment a number of items customarily used by "bookies," including *inter alia* two telephones in a closet, two radios, and a number of sheets of "Dissolvo" paper with numerous horse and numbers plays on them.

Appellant argues that the affidavits were insufficient to justify the issuance of the warrant under United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971), in that the affidavits do not contain personal and recent observations by a reliable informant, and there was no corroboration thereof from an independent source.

We find no merit in these contentions. When we examine the entire affidavit, as we must, we see that the credibility of the informant is established by several facts: he had proven reliable in the past, having previously given the police information which led to the arrest and conviction of others in the gambling business; he had personally placed bets with this appellant and knew of his involvement in the activity; giving the information was against his own interest in that he was thereby admit-

ting his own violation of T. 11 Del.C. § 669. Moreover, the seizure and arrest herein was not based solely upon the information given by that informant. The police made their own surveillance of appellant's activities for several days, which tended to support the truth of the statements made by the informant.

Appellant suggests that the information given by the informant showed no recent activity by the appellant. According to the affidavit, the informant said that the appellant *"is* receiving and recording horse bets." This is enough, in our opinion, to show a presently existing operation. What the officers themselves thereafter saw gave support to that belief.

We are satisfied that the affidavit amply justified the issuance of the warrant. In our opinion, it fully complies with the requirements of United States v. Harris, *supra,* and our own decision in Marvel v. State, Del.Supr., 290 A.2d 641 (1972).

We accordingly affirm the judgment below.