**Allen TATMAN, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

May 1, 1974.

Arlen B. Mekler, Asst. Public Defender, and James L. Jersild, Asst. Public Defender, Wilmington, of Counsel, for defendant below, appellant.

Norman A. Barron, Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

Before HERRMANN, Chief Justice, and CAREY and DUFFY, Associate Justices.

HERRMANN, Chief Justice:

The defendant appeals his conviction for possession of hypodermic needles and syringes [16 Del.C. § 4716(c) and (d)]. He asserts that the police violated the "knock-and-announce" rule, Dyton v. State, Del. Supr., 250 A.2d 383 (1969), thus rendering illegal their search and seizure of the drug paraphernalia involved.

At 6:00 a. m., acting under a warrant to search Patricia Browning's apartment, police officers knocked on the street door of the multi-family building which housed her apartment; they waited about five seconds, then broke the door down with sledge hammers. The police immediately proceeded to Ms. Browning's apartment on the second floor. Without further knock or announcement of their presence or purpose, the police broke down the door leading into the apartment and entered, with guns drawn. The defendant and Mrs. Browning were found asleep in bed. A search of the apartment uncovered the illegal needles and syringes which were seized.

The defendant's motion to suppress the evidence was denied. Upon this appeal, he asserts error under the knock-and-announce rule.

■ We agree. The no-knock search here was unreasonable and violative of Fourth Amendment requirements. Marvel v. State, Del.Supr., 290 A.2d 641 (1972); Dyton v. State, Del.Supr., 250 A.2d 383 (1969); Ker v. California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963).

■ Prior to the entry of a residence, the police officer is required by the common law, in executing a warrant, "to signify the cause of his coming, and to make a request to open the doors", Dyton v. State, Del.Supr., 250 A.2d 383 (1969); and, by constitutional standards, the police are required to announce their presence, authority, and purpose in seeking entry. Ker v. California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963). These requirements have the two-fold purpose of protecting the privacy of residents by preventing police entry of the home without reasonable warning; and it reduces the possibility of danger to officer and citizen alike which might result from misunderstanding and misinterpretation of the purpose of the entry. See Duke v. Superior Court, 1 Cal.3d 314, 82 Cal.Rptr. 348, 461 P.2d 628 (1969).

■ The knock at the street door in the instant case was manifestly ineffective for these purposes. The police were obliged to knock-and-announce at the apartment door as well as the building's outer door. Apartment dwellers are, of course, entitled to the full benefits of the rule. Considering the hour and the distance from the outer door to the apartment door, the peremptory knock on the outer door was wholly ineffective as compliance with the knock-and-announce requirement.

This case falls under none of the exceptions to the knock-and-announce rule. Except for an unsupported assertion of "fear that the defendant might have a weapon", there was no foundation to support a good faith belief on the part of the police officers that full and complete compliance with the rule would have increased their peril, frustrated the arrest, or permitted destruction of evidence. Ker v. California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963); Sabbath v. United States, 391 U.S. 585, 88 S.Ct. 1755, 20 L.Ed.2d 828 (1968); Miller v. United States, 357 U.S. 301, 78 S.Ct. 1190, 2 L.Ed.2d 1332 (1958).

Accordingly, we hold that the Trial Court erred in denying the defendant's motion to suppress; that, by reason of the violation of the knock-and-announce rule, the search was unreasonable and the seizure unlawful. The evidence seized should have been excluded from evidence as the "tainted fruit" of the unlawful seizure. We reach no other ground of the appeal.

Reversed.