Carolyn POTTS, Defendant
Below, Appellant,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

Nathaniel DAVIS, Defendant
Below, Appellant,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

Supreme Court of Delaware.

Submitted: Nov. 18, 1982.
Decided: March 11, 1983.

Neal A. Phillips (Argued) and Mary C. Boudart, Wilmington, for appellant Potts.

L. Vincent Ramunno (Argued) of Ramunno & Ramunno, Wilmington, for appellant Davis.

Kathleen Molyneux, Deputy Atty. Gen. (Argued), Wilmington, for appellee.

Before McNEILLY, HORSEY and MOORE, JJ.

HORSEY, Justice:

Defendant, Nathaniel Davis, appeals his jury convictions in Superior Court of multiple drug offenses: Possession with Intent to Deliver Heroin; Possession with Intent to Deliver Cocaine; Possession with Intent to Deliver Marijuana; Possession of Hypodermic Needles and Syringes; Maintaining a Dwelling for the Keeping of Controlled Substances; Conspiracy Second Degree; and Tampering with Evidence. He was charged but acquitted of Resisting Arrest. Davis was sentenced to twenty-nine years of incarceration.

Defendant, Carolyn Potts, appeals her convictions in a separate Superior Court jury trial of multiple drug offenses arising out of the same transaction involving Davis. Those convictions include: Possession with Intent to Deliver Heroin; Possession with Intent to Deliver Cocaine; Possession with Intent to Deliver Marijuana; Maintaining a Dwelling for the Keeping of Controlled Substances; Conspiracy Second Degree; and Offensive Touching. She was also indicted but acquitted of charges of Possession of a Hypodermic Needle and Syringe and Resisting Arrest. Potts was sentenced to twelve and one-half years of incarceration.

The separate appeals of Davis and Potts were consolidated for purposes of oral argument and decision by agreement of counsel.

The charges against Davis and Potts stem from the execution by City of Wilmington police of a search warrant of a dwelling house in the City on January 24, 1980. Davis and Potts, along with three companions, were arrested in the dwelling house by the police in the course of their search of the residence. Their three companions were indicted for the same drug offenses as to which Davis and Potts were indicted. Two of the three pled guilty to lesser offenses under a plea agreement with the State prior to the trials in question. The third companion was a fugitive during the trials.

Defendant Potts' appeal is limited to her drug-related convictions. (She does not contest her conviction of offensive touching.) Her sole ground for reversal is the sufficiency of the evidence: (a) of her "possession" of the narcotics, as defined under 16 *Del.C.* § 4701(22);[1] and (b) that she was keeping or maintaining a dwelling in violation of 16 Del.C. § 4755(a)(5).[2]

■ Potts contends that her presence in the dwelling, along with others, was insufficient to convict her of possession of contraband drugs with intent to deliver or of maintaining the premises for distribution purposes. She relies on this Court's ruling in *Holden v. State*, Del.Supr., 305 A.2d 320 (1973) (affirming a conviction of possession with intent to sell of the operator of an automobile in which drugs were found while reversing the conviction of the passengers for the same offense):

The "possession" of a drug by a passenger in an automobile, prohibited by the Drug Laws here involved, is more than proximity to, or awareness of, the drug in the car. To warrant a conviction thereunder, the State has the burden of proving a "possession" that amounts to a con-

scious "dominion, control, and authority" over the drug. This Court has repeatedly held such "dominion, control, and authority" as being essential elements of the "possession" of contraband necessary to be proved by the State. (citations omitted).

*See also, Jackson v. State*, Del.Supr., 254 A.2d 852, 853 (1969). "The test to be applied [in determining the sufficiency of circumstantial evidence to support a conviction] is whether the evidence, viewed in its entirety and including all reasonable inferences, is sufficient to enable a jury to find that the State's charges have been established beyond a reasonable doubt." *Holden v. State, supra,* at 322.

■ The State's circumstantial evidence goes well beyond establishing Potts' simple awareness of the presence of drugs within the dwelling and permits a reasonable inference of her conscious exercise of dominion and control over the premises as well as the drugs found within. That evidence includes the following: When police entered the dwelling, they observed her running from the kitchen area (where heroin, cocaine, marijuana and drug paraphernalia were in plain view) into a bedroom where she slammed the door. In later struggling with an officer who pursued her, Potts ordered him to leave "her" house. The house was rented to Davis who had been Potts' "boyfriend" for fourteen years. Within the bedroom, the police found women's clothing and jewelry, Potts' passport and her Medical Center identification card. The room looked lived-in and sheets were on the bed. Under a loose floor board in the bedroom, the police found the bulk of the heroin, cocaine and marijuana, a number of hypodermic needles and syringes and mannite, a cutting agent for drugs.

\* \* \* \* \* \*

(5) Knowingly to keep or maintain any ... dwelling ... which is resorted to by persons using controlled substances in violation of this chapter for the purpose of using these substances or which is used for keeping or delivering them in violation of this chapter....

1. 16 *Del.C.* § 4701(22) defines possession as follows:

"Possession", in addition to its ordinary meaning, includes location in or about the defendant's person, premises, belongings, vehicle or otherwise within his reasonable control.

2. 16 *Del.C.* § 4755 provides, in part:

(a) It is unlawful for any person:

The State's evidence, together with any reasonable inferences, viewed in its entirety, was sufficient to support Potts' conviction of possession with intent to deliver a controlled substance as well as maintaining a dwelling for the keeping of controlled substances. A rational trier of fact could conclude that Potts was an occupant or custodian of the premises rather than a visitor. *See, Holden v. State, supra.*

The law places a heavier burden upon the custodian of the automobile than upon a mere passenger in this respect. This Court has held that the custodian of an automobile is presumed, by reason of his status as custodian, to have dominion and control of contraband found in the automobile; and that if, under the totality of the circumstances, such dominion and control may be found to be a conscious dominion and control, the evidence is sufficient to warrant the conclusion of "possession" as to the custodian. *Gibbs v. State,* Del.Supr., 300 A.2d 4 (1972).

305 A.2d at 322.

Defendant Davis' appeal asserts two principal grounds for reversible error. *First,* he contends that his constitutional right of privacy and to protection against unreasonable search and seizure were violated by the police's failure to comply with the "knock and announce" rule; and *second,* that the Court's refusal to admit into evidence his two companions' guilty pleas, to lesser offenses, deprived defendant of his right to due process.

■ The evidence is undisputed that the police knocked and announced before entry. The question is whether the time interval between their announcement and the forced entry of the rear door of the premises was reasonable.[3] In *Dunfee v. State,* Del.Supr., 346 A.2d 173 (1975), a no-knock entry at night time of a home in execution of a search warrant was upheld though in violation of the "knock and announce" rule. Therein we stated:

In *Tatman v. State,* Del.Supr., 320 A.2d 750 (1974), we fully discussed the "knock and announce" rule and its purposes; we recognized that noncompliance with the rule may be justified by a good faith belief on the part of the police officers that "full and complete compliance with the rule would have increased their peril, frustrated the arrest, or permitted destruction of evidence." 320 A.2d at 751. In determining whether any of these "exigent circumstances" existed, "we may concern ourselves only with what the officers had reason to believe at the time of entry." *Ker v. California,* 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963); see also *Patrick v. State,* Del.Supr., 227 A.2d 486 (1967).

346 A.2d at 176.

Applying the standards set forth in *Dunfee* and *Tatman,* we conclude that the Trial Court did not commit reversible error in refusing to suppress the evidence seized by the police in execution of the search warrant. Here, the warrant was executed during day time and with the police in plain view of at least two adults within. Given the purpose of the raid, the police's expressed concern that delay could result in loss of evidence, and the evasive action of one of the two adults at the front door, we conclude that the police complied with the rule before proceeding with the forced entry at the rear of the premises. Further, the Trial Judge found exigent circumstances for the police not further delaying their entry; and his finding has not been shown to be clearly erroneous.

■ However, assuming *arguendo* that the "knock and announce" rule was not fully complied with, from a review of the record we conclude that a "full and complete compliance with the rule would have increased [the police's] peril, frustrated the arrest, or permitted destruction of evidence." *Tatman, supra.*

Defendant Davis' second ground for reversal is based on the Court's refusal to admit into evidence the guilty pleas of de-

---

**3.** The police were not required to force the front door because they found it unlocked.

fendant's co-conspirators to lesser offenses of simple possession of drugs. The pleas resulted from an agreement made with the State before trial. Defendant argues that refusal to admit such pleas was a denial of his constitutional right to due process. Equating a guilty plea with a confession, defendant reasons that such statements are exculpatory in that they corroborate his defense that the drugs seized did not belong to him.

■ There are authorities holding that a confession by a third party to a crime with which defendant is charged is admissible notwithstanding the availability of the witness. *Thomas v. State*, Md.App., 186 Md. 446, 47 A.2d 43 (1947); *Brady v. State*, Md.Supr., 226 Md. 422, 174 A.2d 167, *aff'd* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1961); 20 Am.Jur.2d, *Evidence*, § 541. However, they are inapposite to defendant's situation. Defendant Davis and his co-conspirators, including Potts, were each charged with possession. The two co-defendants who entered guilty pleas did so only as to the charges against themselves. Defendant did not establish that his companions' pleas constituted confessions to exclusive possession of the drugs. Hence, their pleas were not shown to exculpate defendant. We agree with the Trial Court that any relevance or materiality of the companions' guilty pleas is at best "tenuous"; and we find no denial of due process occurred by their exclusion from evidence.[4]

■ There is also no merit to defendant's contention that the guilty pleas are admissible as a statement against interest under DRE 804(b)(3).[5] To be admissible, a confession or declaration against penal interest

under Rule 804(b)(3) must be: (1) made by a party-declarant who is unavailable to testify; (2) of an exculpatory nature; and (3) worthy of belief. *Accord, Chambers v. Mississippi*, 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973).

■ The co-defendants' guilty pleas being hearsay do not fall within the Rule 804(b)(3) exception for several reasons. *First*, defendant failed to establish that the declarants were unavailable to testify in person. He made no effort to secure their presence by subpoena and neither co-defendant had ever asserted a claim of privilege. *See*, DRE Rule 804(a)(1), (5); *Zenith Radio Corp. v. Matsushita Elec. Industrial Co., Ltd.*, D.C.Pa., 505 F.Supp. 1190, 1256; vacated and remanded on other grounds, 631 F.2d 1069 (3rd Cir.1980).

*Second*, defendant failed to show that the guilty pleas were exculpatory in nature and therefore relevant. All the co-conspirators were jointly charged with possession of the drugs and conspiracy to deliver them, as well as other related narcotic offenses. The record does not show that those pleading guilty admitted exclusive possession of the drugs. Therefore, their guilty pleas can be taken as admission of their own guilt but cannot be construed as exonerating defendant of any possession charges.

*Third*, defendant failed to produce corroborating circumstances clearly indicating the trustworthiness of the guilty pleas. As the State points out, the co-defendants pled guilty to lesser offenses under a plea bargain with the State. The pleas, therefore, are potentially self-serving and by themselves are not necessarily trustworthy.

---

4. We also find that the Trial Court properly exercised its discretion in refusing to admit evidence of the pleas as such could be "misconstrued by the jury unless a full and complete examination is given into [sic] plea bargaining and the charges." *See*, DRE Rule 403.

5. DRE 804(b)(3) provides as follows:
   Statement Against Interest. A statement which was, at the time of its making, so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject

him to civil or criminal liability, or to render invalid a claim by him against another, that a reasonable man in his position would not have made the statement unless he believed it to be true. *A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.* (emphasis added).

■ Defendant Davis' final contention, that the evidence was insufficient to support his convictions, clearly lacks merit. The evidence, viewed in its entirety, was sufficient for the jury to conclude that Davis' possession amounted to a conscious dominion, control and authority over the drugs and the premises. *Holden v. State, supra; Jackson v. State, supra.* As noted, the premises had been rented to Davis and he was found by the police in the kitchen by a sink with water running. Drugs and drug paraphernalia were on the nearby kitchen table; and police testified that he tried to destroy the evidence on the table. Additionally, men's clothing and items in Davis' name (including Davis' briefcase) were found in a bedroom along with a large quantity of drugs.

Affirmed.