OPINION AND JUDGMENT
LATCHUM, Chief Judge.
This habeas corpus petition requires the Court to determine whether the Delaware Supreme Court improperly applied a presumption that the owner-operator of an automobile is in possession of contraband found in his automobile when it reviewed the sufficiency of the petitioner’s conviction for possession of heroin with intent to sell. The relevant background facts are set forth.
State Trooper Michael Neal (“Neal”) of the Delaware State Police Drug Control Unit, acting on a tip was parked in an unmarked police vehicle near the Delaware side of the Delaware Memorial Bridge at about 2:30 A.M. on March 19, *788 1971. (Tr. 18).[1] From his vantage point, he observed what he had been watching for, a white 1971 Ford Torino bearing Delaware license tags 239-881 coming over the bridge from New Jersey.
Neal proceeded to follow the vehicle at a distance. After leaving the bridge approach, the vehicle took the Route 9 North exit. (Tr. 19). According to Neal the vehicle traveled along Route 9 in excess of the speed limit. (Tr. 19). When the vehicle reached the city limits of Wilmington, Neal radioed to the Wilmington Police Department for help. (Tr. 20). The vehicle was stopped by the Wilmington police at Fourth and King Streets, (Tr. 20), and the occupants were frisked and arrested. The occupants of the vehicle were the driver, Holden, who is the petitioner in this proceeding, Junious R. Brown (“Brown”) the passenger in the right front seat, Paul A. Griffin (“Griffin”), the passenger in the left rear seat,[2] and Margaret M. Staples (“Staples”), the passenger in the right rear seat. A search of the petitioner revealed that he was carrying $1,153 in cash. (Tr. 45). None of the passengers possessed a large amount of cash. When questioned petitioner stated that they were coming from Camden. (Tr. 287). Neal testified that he looked into the vehicle after the occupants were removed and observed a brown paper bag in the center of the rear seat. (Tr. 34). Without making a physical examination he locked the car doors and put the keys in his pocket. (Tr. 22). The vehicle was then towed by the rear end to the State Police Troop 2 Garage six miles away. (Tr. 22, 103).
After a search warrant was obtained, Detective Venable (“Venable”) of the State Police, who had obtained the key from Neal, opened the door on the driver’s side, and saw two paper bags on the back seat. (Tr. 59). Venable pulled the driver’s bucket seat forward in order to reach them. (Tr. 137). One bag held a white take-out container covered by a lid. (Tr. 59). Inside the container were noodles covered with soy sauce. Venable also found two items half buried in the noodles, a small plastic bag containing a white substance and a small manila envelope containing a green plant-like material. (Tr. 59). These substances were later determined by laboratory analysis to be heroin and marijuana, respectively. In the other paper bag were three bottles of malt chámpale liquor. Elsewhere in the vehicle Venable found a small aluminum foil container enclosing a white powder.[3] After completing his search, Venable again locked the doors.
Still later that morning, State Trooper Collison (“Collison”) was given the key and assigned to drive the vehicle to State Police Headquarters at Dover for impoundment. (Tr. 75-76). At Dover, Collison performed an inventory of the vehicle and while doing so found a black leather case containing a small set of scales wedged between the back rest and bench of the driver’s seat.[4] (Tr. 76-77).
The four occupants of the vehicle were indicted for knowing and unlawful possession of heroin with intent to sell,[5] and for knowing and unlawful possession of marijuana. They were tried jointly in Superior Court before a jury on December 15-17, 1971. At the trial, Doctor Bednarczyk, the State Toxicologist, testified that the small plastic bag contained 25% grams or approximately nine-tenths of an ounce of heroin. (Tr. 111). Venable testified that this *789 amount of uncut heroin was enough when cut with a dilutent to make between 78 to 131 bags of usual dosage or enough to supply an addict for 9 to 16 days, and that it was likely that a person, even an addict, who had an amount of uncut heroin of that size at one time would be supplying others. (Tr. 129; 135).
The occupants of the vehicle gave the following story. All four testified that they had been in New York City the previous evening for some partying at a local bar. Before starting home they had stopped at a Chinese restaurant. The petitioner testified that he had bought shrimp and rice which he ate in the car while driving home. (Tr. 178). Brown testified that he did not buy anything there, but only ate some of Holden’s shrimp and rice. (Tr. 203-204). Neither petitioner nor Brown noticed what the two passengers in the rear had bought. Griffin testified that he bought nothing (Tr. 238), and Staples stated that she only bought iced tea. (Tr. 264). Staples said she noticed the paper bags in the back seat (Tr. 265), but there was no testimony that she knew what was in them. All denied any knowledge that there were drugs in the car. Petitioner also denied any knowledge of the small scales that were found in his seat. (Tr. 179). He also testified that he had received the $1,153 in cash as repayment for a loan and that he had put it in his wallet with the intent of depositing it in the bank the following day. (Tr. 185).
On some points the testimony of the four differed. Petitioner stated that they had all decided to go to New York City the previous evening. (Tr. 177; 193). The others testified that it was petitioner’s idea originally. (Tr. 208; 244; 260-261). Griffin testified that the petitioner had disappeared for an hour while the rest of them were at the bar in New York. (Tr. 237; 250). Staples also testified that petitioner appeared to be absent for a while. (Tr. 270-271). However, her recollection was admittedly not precise. Petitioner denied having left the bar at all. (Tr. 282).
The jury found the petitioner and Brown guilty of possession of heroin with intent to sell, and Griffin and Staples guilty of possession of heroin. All four were acquitted of possession of marijuana. All except Staples appealed their convictions. The Delaware Supreme Court in considering the joint appeal held that the evidence was insufficient to support the convictions of Brown and Griffin. The Court ruled that to warrant a conviction for possession, the evidence must prove conscious dominion, control and authority over the drug, that the evidence in this case established only that the two, as passengers in the automobile, were sitting close to the drugs, and that while the evidence might be sufficient to infer that they were aware or conscious of the presence of the drug in the car, their mere status as passengers was insufficient to establish “dominion, control and authority” (an essential element of “possession”) over the drug or the automobile in which the drug was found. Holden v. State, 305 A.2d 320, 321-322 (Del.Supr.1973).
However, the Supreme Court held that the evidence was sufficient to support the conviction of the petitioner who was the owner-operator of the vehicle in which the drug was found. The Court stated:
“Holden was the owner and operator of the automobile in which the drugs were found. The law places a heavier burden upon the custodian of an automobile than upon a passenger in this respect. This Court has held that the custodian of an automobile is presumed by reason of his status as custodian, to have dominion and control of contraband found in the automobile ; and that if, under the totality of the circumstances, such dominion and control may be found to be a conscious dominion and control, the evidence is sufficient to warrant the conclusion of ‘possession’ as to the custodian. Gibbs v. State, Del.Supr., 300 A.2d 4 (1972).
*790 “Consistent therewith is the statutory definition of ‘possession’ in the Delaware Narcotic and Dangerous Drug Law: (16 Del.C. § 4701)
“ ‘ “possession”, in addition to its ordinary meaning includes location in or about the defendant’s vehicle. . . . ’
“The Court is of the opinion, therefore, that the evidence adduced by the state was sufficient to support the conviction of Holden. The totality of the circumstances — his car, his ‘trip’ to New York, the unexplained large sum of money on his person, the unexplained drug scales in his seat — were sufficient to justify the finding of conscious dominion and control and resultant ‘possession.’ ” Id. at 322.
Following the affirmance of his conviction, petitioner filed the instant petition for habeas corpus. Since the petitioner has effectively exhausted his state remedies, the present petition is properly before this Court, Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1953), rehearing den. 345 U.S. 946, 73 S.Ct. 827, 97 L.Ed. 1370 (1953).
The petitioner argues that the Delaware Supreme Court, in reviewing the sufficiency of the evidence supporting petitioner’s conviction, evaluated the evidence in the light of a presumption that the owner-operator of a vehicle is in possession of contraband found in his vehicle, a presumption that is constitutionally impermissible under the Standards of Tot v. United States, 319 U.S. 463, 63 S.Ct. 1241, 87 L.Ed. 1519 (1943) and Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969).
Upon close analysis, this Court concludes that the Delaware Supreme Court did not apply an improper presumption in reviewing the sufficiency of the evidence. Indeed, it applied no presumption. The General Assembly by 16 Del.C. § 4724 made it a criminal offense for a person to knowingly and unlawfully have a dangerous drug in his possession with intent to sell. 16 Del.C. § 4701, in part, defines:
“ ‘Knowingly’, a person acts knowingly with respect to . possession . within the meaning of this Chapter, when he knows or is aware of such . . . possession. . . . his knowledge may be inferred by the trier of fact from the surrounding circumstances, considering whether a reasonable man in the defendant’s circumstances would have had such knowledge . .
§ 4701 further defines:
“ ‘Possession’, in addition to its ordinary meaning, includes location in or about the defendant’s . . . vehicle, or otherwise within his reasonable control;”
While the Delaware Supreme Court’s opinion in affirming petitioner’s conviction is somewhat unclear, it holds in effect that Sections 4724 and 4701 read together establish a legislative intent that the driver-owner of a vehicle will be guilty of possession (having dominion and control) when dangerous drugs are found in his vehicle, provided that he has conscious knowledge of their presence therein.
Thus, there are two distinct elements constituting the offense of possession: (1) that the petitioner “possessed” the drugs and (2) that he did so knowingly. With respect to the first element, “possession”, the Delaware Supreme Court held that the statute provides that an owner-operator of a vehicle has dominion and control of the vehicle and all contraband found therein. In the present case since the evidence was uncontradicted that the drugs were located in the vehicle owned and controlled by the petitioner, the Court was correct in holding that under the express terms of the statute he “possessed” the drugs found therein.[6] The only issue then remaining was whether the evidence was *791 sufficient to establish that petitioner was aware or had knowledge of the presence of drugs in his vehicle, the second element of the offense. On that issue the Delaware Supreme Court held from the “totality of the circumstances — his car, his ‘trip’ to New York, the unexplained large sum of money on his person, the unexplained drug scales on his seat” — that the evidence was sufficient to prove that the petitioner was aware or had conscious knowledge of the presence of drugs in his vehicle.
Thus no presumption was applied.[7] What the Delaware Supreme Court did was to interpret a state criminal statute and to determine that the evidence presented at trial was sufficient to support the conviction obtained under the statute. This Court may not second guess the State Supreme Court’s determination that the weight of the evidence was sufficient to justify petitioner’s conviction. That is not the function of a federal court when entertaining a habeas corpus petition of a state prisoner. The issue of evidentiary support for a conviction rises to constitutional levels only when it appears that the state court conviction was so totally devoid of evidentiary support as to be invalid under the Due Process Clause. Thompson v. City of Louisville, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654 (1960). In the instant case there was evidentiary support to establish that the petitioner was aware there were dangerous drugs in his vehicle. The writ will be denied.
No probable cause exists for an appeal. Fitzsimmons v. Yeager, 391 F.2d 849, 854 (C.A.3, 1968).
JUDGMENT
For the reasons stated above, it is ordered and adjudged that the petition for habeas corpus be dismissed and the writ denied.

. Tr. refers to the trial transcript.

. Neal’s testimony was that the positions of Griffin and Brown were transposed from the above. (Tr. 21). The discrepancy of the testimony on this point is not important for present purposes.

. The testimony on this point was not developed further, (Tr. 60), so it is unclear where this container was found or whether the substance was heroin.

. It should be noted that the seats of the vehicle are also black leather upholstery.

. That charge contains a lesser included offense, knowing and unlawful possession of heroin without intent to sell.

. This is not surprising for the law gives an owner-operator of a vehicle dominion and control over it and its contents because he may exclude any person or personal property from it at will.

. When the Delaware Supreme Court said that a custodian of an automobile is “presumed”, by reason of his status as custodian, to have dominion and control of contraband found in the automobile, it was merely pointing out that the statute refers to this precise situation as one example of the kind of “possession” intended by the legislature (the first element of the offense). The Court did not presume that, because the drug was found in the petitioner’s vehicle, he was aware of its presence (the second element of the offense). Thus, the present case is unlike the presumption of knowledge of the importation of a drug inferred from mere possession that the Supreme Court condemned in Leary, supra.