**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3646-17T2

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

MYESON T. PENNINGTON, a/k/a
MYSON PENNINGTON, MYSOM
PENINGTON, and GERMAINE SIMS,

     Defendant-Appellant.

_____

Submitted January 16, 2019 – Decided  February 6, 2019

Before Judges Koblitz, Currier and Mayer.

On appeal from Superior Court of New Jersey, Law Division, Monmouth County, Indictment Nos. 16-08-1314, 17-07-0969 and 17-09-1339.

Joseph E. Krakora, Public Defender, attorney for appellant (Stefan Van Jura, Deputy Public Defender II, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent (Sarah D. Brigham, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Defendant Myeson T. Pennington appeals from the denial of his motion to suppress evidence seized after a search conducted pursuant to a warrant. He subsequently pled guilty to drug-related charges from three indictments and was sentenced to an aggregate term of ten years in prison with five years of parole ineligibility.[1] After reviewing the record in light of the contentions advanced on appeal, we affirm.

A judge issued a warrant to search defendant's wife's apartment, 34A, after seven controlled buys of cocaine between August 2015 and January 2016. Each time a confidential informant (CI) arranged the purchase by calling defendant's cell phone. The police observed defendant leave the only apartment on the ground floor of a two-story apartment building to sell the cocaine. The seventh time defendant exchanged the cocaine for money from his wife's Toyota 4Runner to the CI's car.

---

[1] He pled guilty to the following charges: Indictment No. 16-08-1314, two counts of third-degree possession of CDS with intent to distribute on or within 1,000 feet of school property, N.J.S.A. 2C:35-7; Indictment No. 17-07-0969, third-degree possession of a CDS with intent to distribute, N.J.S.A. 2C:35-5(b)(3), and fourth-degree obstruction of justice, N.J.S.A. 2C:29-1(b); and Indictment No. 17-09-1339, third-degree possession of CDS with intent to distribute and third-degree possession of CDS with intent to distribute on or within 1,000 feet of school property.

Around 7 a.m., the police approached the outside door to the building, marked 34, to search the downstairs apartment pursuant to the knock-and-announce warrant. A detective banged on the outside door several times and "very loudly" announced: "Police. Search warrant. Police. Search warrant." He then waited thirty seconds to a minute before a battering ram was used to enter through the outside door. The forced entry created a loud noise. The interior door to apartment 34A was then forced open as well. Defendant, asleep with his wife and infant child in the bedroom, heard the initial forced entry and ran into the living room.

The police found heroin, crack cocaine, marijuana, a digital scale, a BB gun and $1550 in the apartment. Defendant's wife gave the officers consent, verbally and in writing, to search the three cars registered in her name in front of the apartment. The police found ten bricks, or 500 doses, of heroin in the glovebox of the Toyota 4Runner.

The motion judge found the officers waited a reasonable time before forcing entry into the outside door, reasonably did not knock on the interior door and properly obtained consent from defendant's wife to search the 4Runner.

Defendant argues on appeal:

> POINT I: THE UNREASONABLE EXECUTION OF THE SEARCH WARRANT REQUIRES

A-3646-17T2

SUPPRESSION OF THE CONTRABAND FOUND INSIDE THE APARTMENT. U.S. CONST. AMEND. IV; N.J. CONST. ART. I, ¶7.

POINT II: THE DRUGS FOUND IN THE VEHICLE PURSUANT TO THE CONSENT SEARCH SHOULD BE SUPPRESSED BECAUSE THAT CONSENT WAS THE DIRECT RESULT OF THE UNREASONABLE EXECUTION OF THE SEARCH WARRANT. U.S. CONST. AMEND. IV; N.J. CONST. ART. I, ¶7.

Defendant does not dispute the basis of the issuance of the search warrant, but argues that the execution of that warrant exceeded constitutional restrictions. Defendant argues that the forced police entry after knocking on the outside door to the two-apartment building rather than the door to apartment 34A, or the back door leading directly into apartment 34A, was not permitted. The outside door entered into a small foyer containing a stairway to the second floor apartment, 34B, and the entry door to 34A. The police reasoned that their loud knock on the outside door could be easily heard within apartment 34A, and once they loudly forced their way in through the outside door, to knock again on the door to 34A would allow destruction of evidence and be dangerous. The motion judge accepted the reasonableness of this explanation.

In State v. Rockford, our Supreme Court held that the police could detonate a flash-bang device[2] prior to knocking on the door of the defendant's parent's home, where the defendant was selling prescription drugs and marijuana and his father legally kept a gun. 213 N.J. at 430-32. Although the judge denied a no-knock warrant, the Court determined that the use of the flash-bang device, which rendered the subsequent knock on the door inaudible, was permissible under the circumstances. Id. at 441-42.

The Court stated:

> The warrant at issue incorporated a knock-and-announce provision. Such a provision "renders unlawful a forcible entry to arrest or search 'where the officer failed first to state his authority and purpose for demanding admission.'" [State v. Robinson, 200 N.J. 1, 13-14 (2009)] (quoting Miller v. United States, 357 U.S. 301, 308 (1958)). The knock-and-announce rule "has never protected . . . one's interest in preventing the government from seeing or taking evidence described in a warrant." Hudson v. Michigan, 547 U.S. 586, 594 (2006). Instead, the rule serves three fundamental goals: (1) to reduce the risk of violence to police and bystanders; (2) to protect the privacy of uninvolved residents by minimizing the risk that police will enter the wrong premises; and (3) to prevent property damage stemming from forcible entry. As the United States Supreme Court has observed, the knock-and-announce rule affords residents the "opportunity to prepare

---

[2] A "flash-bang" is a "diversionary device, designed to generate an intense flash of light and loud noise to briefly distract a suspect." State v. Rockford, 213 N.J. 424, 431 (2013).

A-3646-17T2

themselves" for the entry of police, and the "brief interlude between announcement and entry with a warrant may be the opportunity that an individual has to pull on clothes or get out of bed." Richards v. Wisconsin, 520 U.S. 385, 393 n.5 (1997). The rule is premised upon the principle that even a short delay between the announced arrival of police and entry into a home safeguards privacy and security and guards against unreasonable intrusion. Ibid.

[Ibid. (citations omitted).]

Here, the police loudly announced their purpose and authority for entry and the occupants, unlike in Rockford, had a brief opportunity to prepare themselves before the entry of the police. See id. at 442. Defendant's wife testified she pulled on some clothes and defendant awoke, left the bedroom and waited in the living room for the police.

Although the likelihood of an available gun was less here than in Rockford, in both situations the police were ordered to knock and announce their presence and were criticized for not giving sufficient notice of entry. In Rockford, the defendant's mother testified the noise of the detonation of the flash-bang device drowned out the police knock. Id. at 437. Here, the fact that the police did not knock a second time on the apartment door is of no constitutional significance because the police knew the individuals in the only first-floor apartment would be able to hear the forced entry, if not the knock on

6

the front door to the building. Defendant and his family were given sufficient time to prepare for the police entry. The fact that the police might have been able to knock on the back door of the apartment and accomplish an entry that was unforced does not render their choice of method of entry unconstitutional.

Defendant brings to our attention a 1974 Delaware case where the Delaware Supreme Court found unreasonable and unconstitutional the police knocking on the outside door to an apartment building, followed by ramming the outside door down five seconds later and forcing open the second-floor apartment door to find the defendant asleep in bed. Tatman v. State, 320 A.2d 750, 751 (Del. 1974). We find this case unpersuasive, as the differing facts in the situation are crucial.

Based on substantial evidence in the record, the motion judge found the method of police entry objectively reasonable. We have no basis to overturn these findings. See Robinson, 200 N.J. at 15 (noting that a reviewing court must uphold factual findings underlying a trial court's decision on a motion to suppress where such findings are based on sufficient credible evidence).

Because the initial entry was proper, defendant's objection to the subsequent consent search of the Toyota 4Runner is without support.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3646-17T2